**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN K. O'CONNOR,           )<br>                            )<br>          Plaintiff,       )<br>                            )<br>v.                          )<br>                            )<br>ROBERT E. ESTES, District   )<br>Judge for Churchill County, )<br>State of Nevada; STATE OF   )<br>NEVADA, DEPARTMENT OF HEALTH)<br>AND HUMAN SERVICES; and     )<br>MICHAEL J. WILLDEN, Director,)<br>NEVADA DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES,         )<br>                            )<br>          Defendants.      )<br>_____) | 3:07-CV-00494-ECR-VPC<br><br><br><br>**ORDER** |

   Plaintiff O'Connor failed to pay child support and the Nevada District Court found that he was in contempt of court. This pro se action involves Plaintiff's contentions that the child support order as well as the enforcement of that order in state court violated federal law. Defendants Judge Robert E. Estes and Michael Willden have each filed motions to dismiss (#4, #10) pursuant to Rules 12(b)(1) and 12(b)(6).

   Defendants argue that Judge Estes is absolutely immune to any claim for damages, that the Rooker-Feldman doctrine deprives this

1 Court of jurisdiction over this case, that 42 U.S.C. § 666 creates
2 no private right of action, that the complaint is pleaded with
3 insufficient particularity and also fails to state a claim, and that
4 the statute of limitations has run on all claims related to
5 activities occurring prior to October 22, 2005.

6 　　　The jurisdictional issue must precede all others and, for the
7 reasons stated below, is dispositive.  Defendants' motions to
8 dismiss (#4, #10) must be **GRANTED**.

9
10 　　　**I.   Standard for Dismissal for Lack of Jurisdiction (Rule 12(b)(1))**

11 　　　A motion to dismiss for lack of jurisdiction may attack the
12 sufficiency of the complaint, or it may be made as a "speaking
13 motion" attacking the existence of jurisdiction as a matter of fact.
14 Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730,
15 733 (9th Cir. 1979).  In either case, the burden of proving
16 jurisdiction is on the Plaintiff.  Id.  "Where the jurisdictional
17 issue is separable from the merits of the case, the judge may
18 consider the evidence presented with respect to the jurisdictional
19 issue and rule on that issue, resolving factual disputes if
20 necessary."  Id.  However, absent an evidentiary hearing, the
21 plaintiff "need only make a prima facie showing of jurisdiction to
22 survive the motion to dismiss."  Mattel, Inc. v. Greiner & Hausser
23 GmbH, 354 F.3d 857, 862 (9th Cir. 2003).  Absent an evidentiary
24 hearing, the non-movant's version of any contested facts must be
25 taken as true.  Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1160
26 (9th Cir. 2007).

27
28 　　　　　　　　　　　　　　　　　2

**II.  The Rooker-Feldman Doctrine**

"Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments. . ." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983) (modification supplied); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); 28 U.S.C. § 1257.

**III. Analysis**

In Count I of Plaintiff's Amended Complaint (#2), Plaintiff alleges that Judge Robert E. Estes denied Plaintiff a variety of statutory and constitutional rights in proceedings related to his child support obligations. Plaintiff contends that the Nevada District Court lacked subject matter jurisdiction to increase his child support and, in turn, lacked jurisdiction when it found that he was in contempt of court. Plaintiff asserts that he had a defense, claim preclusion, which was ignored when the Nevada District Court entered what he alleges is an invalid or void child support order. This Court lacks jurisdiction over this direct attack on the Nevada District Court's judgment. See, e.g., Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004) ("If a federal

3

plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court.").

In Count II, also against Judge Estes, Plaintiff alleges that the Nevada District Court failed to consider Plaintiff's injuries and incapacity to work, which Plaintiff alleges was a violation of 42 U.S.C. § 666(a)(15)(B) and the Fourteenth Amendment.  Plaintiff re-alleges that the Nevada District Court lacked subject matter jurisdiction.  Plaintiff further contends that the Nevada District Court made no finding that it had subject matter jurisdiction. Plaintiff appears to believe that he is entitled under Rooker-Feldman to raise any challenge to the state courts' judgments that was not explicitly ruled on by the state court.  This is incorrect.  However, the Court notes that Plaintiff's allegation that the issue of subject matter jurisdiction was not previously litigated is misleading.  The Nevada Supreme Court denied Plaintiff's petition for a writ of prohibition or mandamus, finding that "the district court had subject matter jurisdiction in this matter."  This Court lacks jurisdiction over Count II.

In Count III, Plaintiff alleges that Michael J. Willden, Director of the Nevada Department of Health and Human Services, failed to implement procedural safeguards to ensure compliance with 42 U.S.C. § 666, and that this resulted in a violation of Plaintiff's Fourteenth Amendment rights to due process and equal protection.  On this count, and this count alone, the Amended Complaint does not facially trigger the Rooker-Feldman doctrine.  A

4

review of the record, however, reveals that this Court lacks jurisdiction over this claim as well.

The Court notes that Plaintiff has objected to Defendants' submission of the Nevada courts' various orders from the prior state court litigation.  Plaintiff argues that these documents are "unauthenticated" because they are void and therefore cannot be given full faith and credit.  This is an issue of validity, not authenticity.  The purported evidentiary objection is merely a reiteration of the other collateral attacks on the state court judgments.  The objection is meritless.

The record reveals that Count III is also an attempt to seek relief from a state court judgment.  The contentions in Count III mirror Plaintiff's contentions in O'Connor v. Dept. of Human Resources, No 25432, Third Judicial District Court.  The Nevada District Court dismissed that case with prejudice on August 5, 1999.

**IV.  Conclusion**

This Court lacks jurisdiction to consider Plaintiff's allegations.  **IT IS, THEREFORE, HEREBY ORDERED** that Defendants motions to dismiss (#4, #10) are **GRANTED**.  The clerk shall enter judgment for Defendants and close the case.

DATED: This  25th   day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE